The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

January 18, 2020

**Via ECF**
Honorable Lois Bloom
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 10025

> Re:      19-cv-02998 (ERK) (LB)
>          *Cardona Vargas et al. v. Britannica Floor Covering, Inc. et al.*

Dear Judge Bloom:

Plaintiffs Deyson Cardona Vargas ("Vargas"), Edward Gomez ("Gomez") and Armando Medina ("Medina") (collectively "Plaintiffs") and Defendants Britannica Floor Covering, Inc. ("Britannica") and The Best Wall Covering Corp. ("Best Wall") and Kenny Cuadros, Michael Kahoud, Manuel Cherres and Rodolfo Cherres, individually (collectively "Defendants") request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed as Exhibit A.

**Overview**

Britannica and Best Wall (the "Companies") are construction companies that operate throughout the New York metropolitan area. The Companies frequently work together on projects.

The owner and operator of Brittanica is Defendant Michael Kahoud. Best Wall is primarily involved as a prime contractor for public work projects for numerous public works projects in New York City. Kenny Cuadros is the owner of Best Wall and Cuadros, along with M. Cherres and R. Cherres, manage Best Wall.

Plaintiffs all worked for Defendants in the Spring and Summer of 2017. Plaintiffs worked as 'painters' on behalf of Defendants for a prevailing wage project in Brooklyn, NY.

Plaintiffs believe that they could recover approximately $35,000 in unpaid wages, unpaid supplemental benefits for all hours worked and unpaid overtime wages. For settlement purposes only, while denying any liability, Defendants expressed to Plaintiffs what they believed to be their potential exposure. Not surprisingly, this number was less than what Plaintiffs believed to be the potential exposure. Defendants also brought to Plaintiffs attention financial issues that would impact their ability to withstand a large judgment.

**History of Lawsuit**

On May 21, 2019, Plaintiffs filed the lawsuit for unpaid wages under the Fair Labor Standards Act and the New York Labor Law as well as for the failure of Defendants to pay prevailing wages. Shortly after serving Defendants with the lawsuit, Defendants (without counsel) contacted Plaintiffs' counsel in an attempt to resolve the lawsuit. The parties, though, did not reach a settlement and Defendants failed to respond to the complaint. As a result, in September 2019, Plaintiffs sought a clerk's entry of default.

Shortly thereafter, the clerk entered the default for all Defendants. Defendants, though, retained counsel in October 2019 and filed an answer. In November 2019, Defendants also filed a motion seeking the Court to vacate the default judgment. This motion was unopposed by Plaintiffs. On November 19, 2019, the parties appeared before Judge Bloom with respect to Defendants' request to vacate the default judgment. Judge Bloom granted Defendants' motion and ordered the parties to attempt to settle this case prior to beginning discovery.

The parties then focused their efforts on resolving this lawsuit. Counsel for both sides shared damage calculations. After minimal settlement discussions, on January 10, 2020 the parties informed the Court that they had reached a settlement in principle.

**Work Performed by Plaintiffs' Counsel**

While the case settled prior to the start of discovery, Plaintiffs' counsel still performed valuable work. Plaintiffs' counsel had approximately 5 meetings with Plaintiffs, countless telephonic communications, reviewed documents pertaining to Plaintiffs' employment with Defendants, performed research with respect to the public housing project in question and created spreadsheets based upon the hours Plaintiffs claimed to have worked. In addition, Plaintiffs' counsel filed a complaint and engaged in settlement discussions with Defendants.

**The Settlement**

The total settlement is $29,000. Plaintiffs' counsel shall receive $9,865.6 and Plaintiffs' shall receive $19,134.33. Plaintiffs' counsel's expenses included: the filing fee ($400) and service on Defendants ($461). Thus, after expenses, Plaintiffs' counsel is only seeking $9,004.67. This equates to 31% of the settlement agreement. Plaintiffs' counsel is taking less than set forth in their retainer agreement with Plaintiffs which called for Plaintiffs' counsel to receive 1/3 of any recovery after expenses. By doing so, Plaintiffs' counsel is enabling their clients to receive an additional $375.00. As this Court recently approved a settlement fund of 35% for plaintiff's attorneys in a separate, we respectfully submit that an allocation of less than 1/3 should be approved. *See Vidal v. Eager Corp.*, 2018 U.S. Dist. LEXIS 42113, at * 4-5 (E.D.N.Y. March 13, 2018).

In addition, we ask that the Court note that Plaintiffs' counsel is receiving less than their attorney fees. Plaintiff's attorney fees were over $10,000. The time records of

the Law Offices of Jacob Aronauer and Bernabaum Menken LLP are annexed as Exhibit B.

**Plaintiffs' Attorneys' Experience**

Bruce Menken is a named partner in Beranbaum Menken LLP. Mr. Menken is an accomplished negotiator and skilled trial lawyer. In over 30 years of legal practice, he has a solid record of working on turning challenging cases into success stories for clients. Mr. Menken entered private practice in 1993. Mr. Menken has been lead or co-counsel in several class action and whistle blower cases which have settled in the 7 and low 8 figure range. *United States of America ex rel. Richard Faden v. Young Adult Institute, Inc.* 09 Civ. 5003 (RMB) (filed May 28, 2009) (false claims act settlement of $18 million, of which $3.4 million allocated to relator); *Ramos, et al., v. SimplexGrinnell LP*, 796 F.Supp.2d 346 (E.D.N.Y. 2011) (certifying class of over 500 electrical and sprinkler technicians in NY state-wide prevailing wage case that settled in maintenance and repair claims for $5.525 million in 2012 and testing and inspection claims for $9.5 million in late 2014). Mr. Menken has had numerous published court decisions and several cases highlighted in The New York Law Journal and The New York Times. Finally, Mr. Menken has been recognized as a "Super Lawyer" for the New York area from 2008 through 2019.

In light of Mr. Menken's accomplishments and success, his hourly rate is $600, the rate he charges his individual clients. This hourly rate was approved in *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 658 (S.D.N.Y. 2019).

Mr. Aronauer is the managing partner of The Law Offices of Jacob Aronauer. Mr. Aronauer has been practicing law in 2005 and started his own firm in 2013. Since he started his own law firm, Mr. Aronauer's practice has primarily focused on wage and hour law. Mr. Aronauer has handled close to 100 wage and hour matters. In 2018 and 2019, Mr. Aronauer was voted a "Rising Star" in the New York area by Superlawyers.

Mr. Aronauer's hourly rate is $350 an hour. Mr. Aronauer's requested hourly rate of $350 an hour was approved in *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at * 11-12 (S.D.N.Y. Oct. 25, 2019). This is a competitive rate in relation to what similarly situated attorneys charge. Paralegals in this case charged $150 per hour. This paralegal rate was likewise approved in *Thomas*. Id.

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan,* No. 10-cv-471, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (*citing Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiffs, the settlement represents a reasonable

compromise with respect to contested issues.    We jointly request the settlement agreement's approval.  *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

Respectfully submitted,

*/s/ Jacob Aronauer*
Jacob Aronauer

*/s/ Bruce Menken*
Bruce Menken
*Attorneys for Plaintiffs*

cc:  **Via ECF**
    *All attorneys on record*

4

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

The Settlement Agreement and Release ("Agreement") is entered as of January ___ 2020, between DEYSON CARDONA VARGAS, EDWARD GOMEZ and ARMANDO MEDINA ("Plaintiffs") and BRITANNICA FLOOR COVERING, INC. and THE BEST WALLCOVERING CORP., and KENNY CUADROS, MICHAEL KAHOUD, MANUEL CHERRES and RODOLFO CHERRES, individually ("Defendants").

## RECITALS

**WHEREAS**, Plaintiffs commenced a civil action against Defendants on May 21, 2019 in the United States District Court for the Eastern District of New York, styled *Cardona Vargas et al. v. Britannica Floor Covering, Inc. et al.*; Case No. 1:19-cv-02998 (ERK) (LB) (the "Litigation");

**WHEREAS**, Defendants answered the complaint in the Litigation on October 31, 2019, and denied and continue to deny any and all liability and/or wrongdoing with respect to all of the Plaintiffs' claims;

**WHEREAS**, the parties now desire to settle fully and finally all wage and hour and related claims that Plaintiffs had, have, or may have had against the Defendants, including but not limited to those claims embodied in the aforementioned Litigation.

**NOW, THEREFORE,** in consideration of the mutual covenants and valuable consideration herein, the receipt and legal sufficiency of which are hereby acknowledged, the parties agree as follows:

1.     **Settlement Payment.** In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiffs the total settlement amount of $29,000.00, inclusive of attorneys' fees and costs, as follows:

    i.     Within 15 days of the following conditions being met (1) Plaintiffs' execution of this Agreement delivered to Defendants; and (2) Court approval of this Agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), Defendants will make the following payments:

        a) The Law Offices of Jacob Aronauer shall receive $7,365.68;

        b) Beranbaum Menken LLP shall receive $2,500.00:

        c) Plaintiff Deyson Cardona Vargas shall receive $5,655.67;

        d) Plaintiff Edward Gomez shall receive $5,526.67;

        e) Armando Medina shall receive $7,951.79.

        f) Plaintiffs (and Plaintiffs' counsel) will be paid via 1099 and the Defendants will not make any tax withholdings on payments to Plaintiffs or Plaintiffs' counsel.

        g) The Defendants shall send all payments to Law Offices of Jacob Aronauer, 225 Broadway, 3rd Floor, New York, NY 10007.

2.     The Law Offices of Jacob Aronauer shall be responsible for distributing the checks to Plaintiffs.

2

3.      Simultaneous herewith, the parties, through their respective counsel, shall execute the Stipulation of Voluntary Dismissal, with Prejudice, which is attached hereto as Exhibit A. Counsel for any of the parties in this matter may file the Stipulation of Voluntary Dismissal, with Prejudice, attached hereto as Exhibit A upon the Court's approval of this Agreement. **The Stipulation of Voluntary Dismissal with Prejudice is not effective until the Court approves the settlement agreement.**

4.      **Release and Covenant Not to Sue.**  In consideration for the Settlement Amount that is the subject of this Agreement, Plaintiffs shall release, waive, acquit and forever discharge, jointly and severally, their predecessors, successors, parents, subsidiaries, assigns, agents, directors, officers, shareholders, employees, representatives, and attorneys ("Released Parties"), from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiffs may have or claim to have against any of the Released Parties regarding any matter in connection with their pay, their rate(s) of pay, overtime pay violations, spread of hours, recordkeeping violations, and/or any claims of retaliation for having brought or raised any of the foregoing claims, as well as any related attorneys' fees and/or costs incurred in the prosecution of this litigation, whether claim was made for same or not in the Litigation.

5.     **Default.**   In the event that any of the Settlement Amount described herein in Section A, *supra*, is not received in the office of Plaintiffs' counsel by the close of business on the due date, or any check given as payment hereunder is dishonored, Plaintiff's counsel shall send notice to cure to Defendants' counsel, Glenn Nugent, Esq. via electronic mail at glenntnugentlaw@live.com.  In the event Defendants fail to cure such default within seven (7) calendar days from the receipt of such notice, they shall be in default.  After any such default which is not timely cured, the Plaintiffs may be entitled to reasonable attorneys' fees in enforcing the settlement agreement.

6.     **Representations and Acknowledgements.**   Plaintiffs represent that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between their attorneys and the attorney for the Defendants.  Plaintiffs further represent that:

(a) they are competent, as a matter of law, to enter into this Agreement;

(b) they have reviewed each and every provision of this Agreement;

(c) the Agreement has been explained to them by their attorney;

(d) that this Agreement appears to them to have been written in a manner calculated to be understood by them;

(e) they do in fact fully understand this Agreement, including the release of claims;

(f) they have relied on their own judgment and that of their counsel regarding the consideration for and language of this Agreement; and

4

(g)  they had the terms of this agreement read to them in their native language, Spanish.

(i) Plaintiffs also represent that they voluntarily and knowingly enter into this Agreement of their own free will.

(j) Plaintiffs further represent that none of the Released Parties defined above have made any representations concerning the terms or the effects of this Agreement other than those contained herein, that their decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that they have been fairly represented by their attorneys throughout these proceedings.  No statements made by any of the Defendants, their counsel or any other party have in any way coerced or unduly influenced Plaintiffs to execute this Agreement.

7.      **Plaintiffs' Attorneys' Fees and Costs.**  In the event that Plaintiffs bring an action to enforce the terms of this Agreement, the Plaintiffs shall recover the costs and reasonable attorneys' fees from the breaching party.

8.      Complete Agreement**.**   This Agreement constitutes the full and complete agreement between the parties and fully supersedes any and all prior agreements, commitments or understandings between the parties pertaining to the subject matter thereof.

9.      **Additional Terms.**

a.      This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State.  The parties stipulate and consent that the United States District Court, Eastern District of New York shall retain jurisdiction over this matter to enforce the terms of this Settlement Agreement once approved by the Court.

b.     The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

c.     Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

d.     Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of such term, covenant or condition,

       nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

e.     This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties.  This Agreement may not be modified orally.

f.     Except as otherwise stated in this Agreement, any demand, request or notice served pursuant to this Agreement must be written, and may be served personally, or by both regular and certified mail, return receipt requested, on either parties at the address set forth below, or such different address as parties may designate by notice.

To Plaintiffs:     Jacob Aronauer, Esq.
                   The Law Offices of Jacob Aronauer
                   225 Broadway, 3rd Floor
                   New York, NY 10007

To Defendants:     Glenn T. Nugent, PC
                   31 Greene Avenue
                   Amityville, NY 11701

6

g.      This Agreement may be executed in counterparts, each of which shall be deemed an original for all purposes.  All counterparts shall be construed together and shall constitute one agreement.

h.      A facsimile or scanned signature shall be deemed an original for all purposes hereunder.

i.      Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

j.      This Agreement is valid and binding if signed by the Parties' authorized representatives.

k.      The Parties affirm and warrant that no person or entity other than themselves had or has any claims to any interest in the subject matter of the Agreement; that they have the sole right and exclusive authority to execute this Agreement; and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Agreement.

10.     Each Party warrants that he/she/it has the authority to enter into this Agreement for itself.  Each party agrees that this Agreement is not valid and binding until it is signed by all the Parties and delivered by any means to the other Parties.

11.     Plaintiffs and Plaintiffs' Counsel shall be solely responsible for the payment of any taxes owed on the payments made under this Settlement Agreement.  Plaintiffs represent that no tax advice has been given to them by the Defendants or their representatives and understand that the Defendants make no representation or guarantee as to the tax consequences of the payments made under this stipulation.  Plaintiffs hereby agree to indemnify and/or hold harmless Defendants in connection with any tax liabilities and/or interest, penalties or costs that may be

7

incurred by Plaintiffs for their failure to properly report the payments made under the Settlement Agreement.

12.     **Knowing Agreement After Consultation With Counsel and Revocation.**

ALL PARTIES HAVE CONSULTED WITH THEIR RESPECTIVE ATTORNEYS PRIOR TO SIGNING THIS AGREEMENT AND REPRESENT TO THE OPPOSING PARTIES THAT THEY HAVE DONE SO. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE THE CLAIMS CONTAINED IN THE RELEASE LANGUAGE IN THIS AGREEMENT. DEFENDANTS HAVE BEEN ADVISED BY THEIR COUNSEL AND UNDERSTAND AND AGREE THAT FAILURE TO FULLY AND TIMELY PAY THE SETTLEMENT AMOUNT WILL RESULT IN FURTHER LITIGATION WHERE THE DEFENDANTS HAVE AGREED TO PAY THE PLAINTIFFS' ATTORNEYS' FEES AND COSTS. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO OBTAIN THE RELEASES, PROMISES AND BENEFITS SET FORTH ABOVE, DEFENDANTS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO BIND THEMSELVES TO ALL OBLIGATIONS AND POTENTIAL CONSEQUENCES FOR NON-PAYMENT OF ANY AMOUNTS REQUIRED TO BE PAID HEREUNDER.

The Parties knowingly and voluntarily sign this Settlement Agreement and Release as of the date(s) set forth below:

8

**SIGNED AND AGREED TO:**

Dated:_____

_____
DEYSON CARDONA VARGAS

Dated:_____

_____
EDWARD GOMEZ

Dated:_____

_____
ARMANDO MEDINA

Dated:_____

_____
KENNY CUADROS

Dated:_____

_____
MICHAEL KAHOUD

Dated:_____

_____
MANUEL CHERRES

Dated:_____

_____
RODOLFO CHERRES

Dated:_____

BRITANNICA FLOOR COVERING, INC.
By:_____
Officer and Authorized
Representative

Dated:_____

THE BEST WALLCOVERING CORP.
By:_____
Officer and Authorized
Representative

9

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DEYSON CARDONA VARGAS, et al.,                    Case No.: 1:19-cv-02998 (ERK) (LB)

                        Plaintiffs,

        -vs.-
                                                  **VOLUNTARY DISMISSAL**
                                                  **WITH PREJUDICE**
BRITANNICA FLOOR COVERING, INC. et al..

                        Defendants.
-------------------------------------------------------------X

        **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned
Parties, through their respective counsel, that the above action be and is hereby dismissed with
prejudice, without costs to either party.

        The Court shall retain jurisdiction over the settlement for the purposes of the enforcement
of the provisions thereof.

Dated: New York, NY                               Dated: New York, NY

_____, 2020                             _____, 2020

**The Law Offices of Jacob Aronauer**            **Glenn T. Nugent Law**


_____                _____
Jacob Aronauer, Esq.                              Glenn T. Nugent, PC
225 Broadway, 3rd Floor                31 Greene Avenue
New York, NY 10007                                Amityville, NY 11701
(212) 323-6980                                    (631) 608-0857
*Attorneys for Plaintiffs*                        *Attorney for Defendants*


SO ORDERED this _____ day
of _____, 2020


_____

11

# EXHIBIT B

# Law Offices of Jacob Aronauer

## INVOICE

225 Broadway, 3rd Floor
New York, New York 10007
Phone: (212) 323-6980

Invoice # 129
Date: 01/11/2020
Due On: 02/10/2020

Deyson Cardona
9305 91st Ave. Floor 2.
woodhaven, new york 11421

## 00230-Cardona

## Deyson Cardona et al. v. Britannica Floorcovering Inc. et al.

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Service | 01/09/2019 | Meeting with Deyson Cardona and Edward Gomez | 1.75 | $150.00 | $262.50 |
| Service | 01/09/2019 | Attorney Fees: Initial meeting with clients. | 1.75 | $400.00 | $700.00 |
| Service | 02/02/2019 | Paralegal Fees - Katheryn: Meeting with Armando Medina and Deyson Cardona | 1.00 | $150.00 | $150.00 |
| Service | 02/19/2019 | Paralegal Fees - Karin: Familiarized myself with the facts of the case, began drafting complaint, compiled a list of follow-up questions for plaintiffs. | 1.30 | $150.00 | $195.00 |
| Service | 02/21/2019 | Paralegal Fees - Katheryn: Phone call with Armando Medina to clarify information. | 0.40 | $150.00 | $60.00 |
| Service | 02/21/2019 | Paralegal Fees - Katheryn: Phone Call with Deyson Cardona to clarify info. | 0.35 | $150.00 | $52.50 |
| Service | 02/23/2019 | Attorney Fees: Work on complaint. | 1.90 | $400.00 | $760.00 |
| Service | 02/24/2019 | Attorney Fees: Work on complaint. | 2.40 | $400.00 | $960.00 |
| Service | 02/25/2019 | Paralegal Fees - Karin: Edited complaint | 3.00 | $150.00 | $450.00 |
| Service | 03/01/2019 | Paralegal Fees - Karin: Worked on editing complaint to make it a state court case. | 5.00 | $150.00 | $750.00 |
| Service | 03/04/2019 | Paralegal Fees - Karin: Finished drafting complaint | 0.80 | $150.00 | $120.00 |
| Service | 03/22/2019 | Paralegal Fees - Sian: input Bruce's edits/questioned into the complaint; edited complaint | 0.92 | $150.00 | $138.00 |
| Service | 04/02/2019 | Paralegal Fees - Katheryn: Meeting with Edward Gomez to sign up Retainer Agreement | 0.65 | $150.00 | $97.50 |
| Service | 04/02/2019 | Paralegal Fees - Katheryn: Drafted Retainer Agreement | 0.20 | $150.00 | $30.00 |
| Service | 04/03/2019 | Paralegal Fees - Katheryn: Scanned Retainer Agreement and saved on the H drive and filed in red | 0.25 | $150.00 | $37.50 |

| | | folders | | | |
|---|---|---|---|---|---|
| Service | 04/05/2019 | Paralegal Fees - Sasha: Added Edward Gonzalez as a party. Changed the structure of complaint to federal court. | 1.92 | $150.00 | $288.00 |
| Service | 04/08/2019 | Paralegal Fees - Sasha: Shifting complaint to federal from state | 0.84 | $150.00 | $126.00 |
| Service | 04/08/2019 | Paralegal Fees - Sasha: Shifting and editing from state to federal | 2.80 | $150.00 | $420.00 |
| Service | 04/10/2019 | Paralegal Fees - Sasha: Cardona Complaint finished | 0.67 | $150.00 | $100.50 |
| Service | 04/12/2019 | Paralegal Fees - Sasha: Reviewed Complaint with Jacob | 0.75 | $150.00 | $112.50 |
| Service | 04/24/2019 | Paralegal Fees - Katheryn: Phone Call with Client | 0.10 | $150.00 | $15.00 |
| Expense | 05/21/2019 | Reimbursable expenses: Filing fee | 1.00 | $400.00 | $400.00 |
| Service | 05/24/2019 | Paralegal Fees - Katheryn: Drafted summons and cover civil letter to Albany, Emailed out complaint and summons | 3.30 | $150.00 | $495.00 |
| Service | 06/13/2019 | Paralegal Fees - Katheryn: Scanned Affidavit of Service and saved it on the H Drive. | 0.20 | $150.00 | $30.00 |
| Service | 06/18/2019 | Paralegal Fees - Katheryn: Phone Call with Armando Medina to let us know former employers are threatening them with immigration. | 0.20 | $150.00 | $30.00 |
| Service | 06/27/2019 | Paralegal Fees - Sian: drafted damages spreadsheet | 2.09 | $150.00 | $313.50 |
| Service | 06/28/2019 | Paralegal Fees - Sian: revised damages spreadsheet based on information from Plaintiffs | 0.32 | $150.00 | $48.00 |
| Service | 07/02/2019 | Paralegal Fees - Sian: drafted requests, affirmations, and certificates of default for all individual and corporate defendants | 1.19 | $150.00 | $178.50 |
| Service | 07/10/2019 | Attorney Fees: Work on certificate of default/ declarations for default judgment. | 0.90 | $400.00 | $360.00 |
| Service | 07/22/2019 | Paralegal Fees - Sian: drafted revised summons for individual defendants; prepared summons and complaints for individual defendants; dropped off summons and complaints with process server | 0.62 | $150.00 | $93.00 |
| Expense | 07/25/2019 | Reimbursable expenses: Service on individual defendants | 1.00 | $381.00 | $381.00 |
| Service | 09/04/2019 | Paralegal Fees - Angelica W.: Reviewed requests and certificates of Default of Defendants Kenny Cuadros, Rodolfo Cherres, and Manuel Cherres, and Jacob's declaration in support. | 0.57 | $150.00 | $85.50 |
| Service | 09/04/2019 | Paralegal Fees - Angelica W.: Drafting Memo of Law in | 0.55 | $150.00 | $82.50 |

|  |  | Support of Default Judgment. |  |  |  |
|---|---|---|---|---|---|
| Service | 09/04/2019 | Paralegal Fees - Angelica W.: Drafting Plaintiffs' Declarations in support of default judgment. | 1.97 | $150.00 | $295.50 |
| Service | 09/10/2019 | Paralegal Fees - Katheryn: Phone call with Deyson Cardona to schedule appointment. | 0.03 | $150.00 | $4.50 |
| Service | 09/10/2019 | Paralegal Fees - Katheryn: Phone call with Edward Gamez to confirm appointment | 0.03 | $150.00 | $4.50 |
| Service | 09/11/2019 | Paralegal Fees - Katheryn: Phone call with Deyson Cardona to get his email address to send declaration. | 0.03 | $150.00 | $4.50 |
| Service | 09/11/2019 | Paralegal Fees - Katheryn: Reviewed Deyson Cardona and Armando Medina Declarations. | 0.95 | $150.00 | $142.50 |
| Service | 09/16/2019 | Paralegal Fees - Katheryn: Meeting with Armando Medina. Reviewed and updated Declaration for Default Judgment. | 1.70 | $150.00 | $255.00 |
| Service | 10/11/2019 | Paralegal Fees - Katheryn: Texted clients to let them know that Defendants hired attorneys to answer to complaint. | 0.10 | $150.00 | $15.00 |
| Service | 10/11/2019 | Paralegal Fees - Katheryn: Deyson Cardona called us to let us know he had a health issue and he had to travel to Colombia, he's going to be out of the country until February 2020. He would like to know if it would be possible for him to sign up any documents and to keep in touch with us through email and the app to text wpp. He said that if you need him for any court appearances he would flight back to the US. | 0.30 | $150.00 | $45.00 |
| Service | 10/14/2019 | Paralegal Fees - Katheryn: Phone call with Armando Medina, Michael Kahoud wants to settle the case with Mr. Medina directly. | 0.10 | $150.00 | $15.00 |
| Service | 10/31/2019 | Attorney Fees: Review answer | 0.20 | $400.00 | $80.00 |
| Service | 11/04/2019 | Paralegal Fees - Katheryn: contacted client to give them update about their case. We are currently waiting for the upcoming conference in November 13th. | 0.08 | $150.00 | $12.00 |
| Service | 11/05/2019 | Paralegal Fees - Christian: Drafted first version of Document Request | 1.56 | $150.00 | $234.00 |
| Service | 11/08/2019 | Attorney Fees: Review motion to vacate | 0.10 | $400.00 | $40.00 |
| Service | 11/11/2019 | Attorney Fees: Strategy talk with Bruce. | 0.10 | $400.00 | $40.00 |
| Service | 11/19/2019 | Attorney Fees: Prepare for Court; travel to Court; actual Court conference and then travel back and phone call with Bruce. | 2.80 | $400.00 | $1,120.00 |
| Service | 11/19/2019 | Attorney Fees: Prepare for initial case conference, travel to and from Brooklyn and actual conference. | 3.10 | $400.00 | $1,240.00 |

| Service | 12/02/2019 | Attorney Fees: E-mail to opp. counsel in re what is needed to settle the action. | 0.10 | $400.00 | $40.00 |
|---------|-----------|---------------------------------------------------------------------------------|------|---------|--------|
| Service | 12/02/2019 | Attorney Fees: E-mail to opp. counsel. | 0.10 | $400.00 | $40.00 |
| Service | 12/16/2019 | Attorney Fees: Settlement discussions with Glenn Nugent. | 0.20 | $400.00 | $80.00 |
| Service | 12/17/2019 | Paralegal Fees - Katheryn: Texted clients to let them know about offer by Defendants. | 0.20 | $150.00 | $30.00 |
| Service | 12/19/2019 | Attorney Fees: Preparing for conference call and conference call with the Court. | 0.80 | $400.00 | $320.00 |
| Service | 12/19/2019 | Attorney Fees: Draft settlement agreement. | 1.90 | $400.00 | $760.00 |
| Service | 12/20/2019 | Paralegal Fees - Karin: Tracked down service fee amounts, compiled spreadsheet of payout amounts | 1.10 | $150.00 | $165.00 |
| Expense | 12/20/2019 | Reimbursable expenses: Service on Corporate Defendants | 1.00 | $80.00 | $80.00 |
| Service | 12/27/2019 | Paralegal Fees - Karin: Drafted new damages spreadsheet calculation and new settlement breakdown calculation | 1.00 | $150.00 | $150.00 |
| Service | 12/31/2019 | Paralegal fees - Maria: Called Mr. Edward Gomez to confirm if he was satisfied with the $ amount he will received. Clientes stated that he was ok with the $ 5,500. | 0.04 | $150.00 | $6.00 |
| Service | 01/07/2020 | Paralegal Fees - Karin: Drafted new settlement breakdown spreadsheet | 0.30 | $150.00 | $45.00 |
| Service | 01/07/2020 | Paralegal Fees - Karin: Line edit of settlement agreement | 0.80 | $150.00 | $120.00 |
| Service | 01/11/2020 | Attorney Fees: Review and edit complaint. | 0.80 | $400.00 | $320.00 |
| Service | 01/11/2020 | Attorney Fees: Draft settlement approval letter. | 1.20 | $400.00 | $480.00 |
| Service | 01/11/2020 | Attorney Fees: Review Court order. | 0.10 | $400.00 | $40.00 |
| Service | 02/02/2020 | Attorney Fees: Second Meeting with clients and review documents provided by clients. | 1.00 | $400.00 | $400.00 |

**Total**     **$14,945.50**

## Detailed Statement of Account

**Current Invoice**

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 129 | 02/10/2020 | $14,945.50 | $0.00 | $14,945.50 |
| | | | **Outstanding Balance** | **$14,945.50** |
| | | | **Total Amount Outstanding** | **$14,945.50** |

Please make all amounts payable to: Law Offices of Jacob Aronauer

Please pay within 30 days.

# BERANBAUM MENKEN LLP

INVOICE

INVOICE NUMBER:  298
INVOICE DATE:  JANUARY 13, 2020

FROM:  Beranbaum Menken LLP
80 Pine St
33rd Floor
New York, NY 10005

TO:  Deyson Cardona

Cardona, et al., v. Brittanica Floor Covering

| DATE | PROJECT | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|
| MAR-18-19 | Cardona/Brittanica Floorcovering Inc. | Review, edit and mark up Jacob's draft of Federal Court Complaint. | 1.50 | $600.00 | $900.00 |
| MAY-14-19 | Cardona/Brittanica Floorcovering Inc. | Review, mark up and edit Jacob's Draft Federal Court Complaint. | 1.30 | $600.00 | $780.00 |
| MAY-17-19 | Cardona/Brittanica Floorcovering Inc. | Review, edit and mark up Jacob's Draft of Federal Court Complaint (.50); TC w/Jacob re: proposed edits and changes to Complaint (.50). | 1.00 | $600.00 | $600.00 |
| JUN-28-19 | Cardona/Brittanica Floorcovering Inc. | TC w/Defendant Kahoud and Jacob A. re: facts of case, resolution (.40); Email to Jacob A. re: proposed confirmatory email to Kahoud (.10). | 0.50 | $600.00 | $300.00 |
| NOV-11-19 | Cardona/Brittanica Floorcovering Inc. | TC w/Jacob re: strategy. | 0.10 | $600.00 | $60.00 |
| NOV-19-19 | Cardona/Brittanica Floorcovering Inc. | TC w/Jacob re: court conference and going forward. | 0.40 | $600.00 | $240.00 |
| DEC-02-19 | Cardona/Brittanica Floorcovering Inc. | TC w/Jacob re: strategy and what is needed from Defendants to make an informed settlement demand. | 0.30 | $600.00 | $180.00 |
| | | Total amount of this invoice | | | $3,060.00 |

| ACCOUNT INFORMATION | |
|---|---|
| Prior account balance | $0.00 |
| Invoice 298 JAN-13-2020 | $3,060.00 |
| Current account balance | $3,060.00 |

## AMOUNT DUE: $3,060.00