```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DEYSON CARDONA VARGAS, EDWARD GOMEZ,
and ARMANDO MEDINA,

                         Plaintiffs,
                                                                    ORDER
            - against -                                             19 CV 2998 (LB)

BRITANNICA FLOOR COVERING, INC., THE
BEST WALL COVERING CORP., KENNY
CUADROS, MICHAEL KAHOUD, MANUEL
CHERRES, and RODOLFO CHERRES,

                         Defendants.
-------------------------------------------------------------------X
```

**BLOOM, United States Magistrate Judge:**

Plaintiffs commenced this action against defendants on May 21, 2019. ECF No. 1. Plaintiffs allege that defendants violated their rights under the Fair Labor Standards Act ("FLSA") and the New York Labor Law by denying them overtime compensation and the appropriate wage notices and wage statements while they were in defendants' employ as painters at various times in 2017. Id. at ¶¶ 44–61; 62–73; 74–85. The parties have settled this case. ECF No. 44. The parties now move for Court approval of their settlement agreement ("Agreement").[1] Consent Motion for Settlement Approval, "Mot. Settl.," ECF No. 44; Agreement, Id. For the reasons set forth below, the settlement agreement is approved as fair and reasonable.

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved if the proposed agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nat'l Merchant Servs., Inc., No. 14 CV 311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). Here, the parties have agreed to settle the case for a total settlement amount of $29,000.00, of which plaintiffs shall recover $19,134.33. Mot. Settl. at 2; Agreement at 1–2. Defendants shall pay plaintiff Vargas $5,655.67; plaintiff Gomez $5,526.67; and plaintiff Medina

---

[1] The parties have consented to the jurisdiction of a Magistrate Judge for all purposes under 28 U.S.C. § 636(c). ECF No. 46.

$7,951.79 within 15 days the Court's approval of the settlement agreement. Agreement at 7. The Agreement contains a release limited to this wage and hour case, id., and does not contain a confidentiality or non-disparagement clause. The parties consent to the Court retaining jurisdiction of this action for the purpose of enforcing the terms of the Agreement. Id. at 5.

Plaintiffs shall recover $9,004.67 in attorney's fees and $861 in costs, for a total of $9,865.60. Mot. Settl. at 2; Agreement at 1–2. Plaintiffs' attorney's fee request amounts to less than one-third of the total settlement; a one-third contingency fee is generally approved as a fair and reasonable attorney's fee award. See Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 343 (S.D.N.Y. 2016) (courts in this Circuit generally approve of attorney's fees that are limited to a one-third contingency, and typically modify fees "representing more than one-third of the total settlement amount.") (quoting Run Guo Zhang v. Lin Kumo Japanese Rest. Inc., No. 13 Civ. 6667, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015)). The Court finds that the requested attorney's fee of one-third of the settlement amount is fair and reasonable in this case. 29 U.S.C. § 216(b); Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). Furthermore, the Court has reviewed plaintiffs' costs and approves the $861 requested.

Accordingly, the Court grants the instant motion (ECF No. 44) and approves the parties' settlement agreement as fair and reasonable. Of the $29,000.00 total settlement, plaintiffs shall recover $19,134.33 and their attorney's fee and costs shall be $9,865.60. The Clerk of Court is directed to close this case.

SO ORDERED.

                                              /S/
                                      LOIS BLOOM
                                      United States Magistrate Judge

Dated: February 14, 2020
       Brooklyn, New York